UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERNESTO PEREZ,

      Petitioner,

v.                                         Case No. 3:22cv2055-MCR-HTC

M.V. JOSEPH WARDEN,

      Respondent.

_____/

<u>ORDER and REPORT AND RECOMMENDATION</u>

Petitioner, a federal inmate at Pensacola FPC, initiated this case by filing a petition under 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' ("BOP") calculation of work credits under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act"). ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Because the petition on its face shows Petitioner did not exhaust BOP administrative remedies, the undersigned respectfully recommends the petition be dismissed without prejudice.

## I.    BACKGROUND

Petitioner is serving a 120-month sentence imposed in *United States v. Perez*, 2:16cr168-LA-12 (E.D. Wisc.).   According to the BOP online database, his estimated release date is currently April 14, 2025.[1]  In the petition, Petitioner seeks to compel the BOP to calculate and apply Earned Time Credits under the First Step Act to shorten his sentence.  Petitioner's entire argument is the following:

> BOP has failed to apply Federal Time Credits to inmate.  It has been over (2) years that inmate has not received any Federal Time Credits; (i.e. "productive activity credit"; EBBR credits; Work credit) this is a dynamic credit – changing all the time – and the recent sentence computation has not shown any mention of the credits issuances.  January 15 was the 'drop dead' date.

ECF Doc. 1 at 3.

Petitioner admits he has not exhausted the BOP's remedies and alleges the "[f]utility doctrine applies as BOP local administration does not calculate the credits, according to the inquiries made."  *Id.*

## II.   LEGAL STANDARDS

Under Rules Governing § 2254 Cases,[2] Rule 4 ("Habeas Rule 4"), the Court must promptly examine a habeas petition, and "[i]f it plainly appears from the

---

[1] https://www.bop.gov/inmateloc/ (last accessed April 27, 2022).

[2] These Rules apply to petitions under 28 U.S.C. § 2241.  Rules Governing Habeas Cases, Rule 1(b) provides, "The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."  Also, N.D. Fla. Loc. R. 5.7(C) provides, "The Rules Governing Section 2254 Cases in the United States District Courts, as adopted by the Supreme Court, apply to all habeas corpus petitions in this District whether or not filed under section 2254."

petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." If the petition is not dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id*.

## III.    ANALYSIS

Lack of exhaustion is a valid reason for dismissal under Habeas Rule 4. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653–54 (11th Cir.), *cert. denied sub nom. Gus Paez v. Inch*, 141 S. Ct. 309 (2020) ("Both a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner is 'not entitled to relief.'"). Dismissal is appropriate in this case because Petitioner admits he failed to exhaust administrative remedies and fails to show that such failure can be excused.

As noted above, Petitioner admits that he did not exhaust administrative remedies because "FUTILITY doctrine applies as BOP local administration does not calculate the credits, according to the inquiries made." ECF Doc. 1 at 3. Instead, it appears Petitioner has merely raised the issue with prison personnel. This is insufficient. Petitioner must exhaust the BOP's administrative remedies before challenging the BOP's calculation of First Step Act earned credits here. *See, e.g., Alexander v. Joseph*, No. 3:21CV920-MCR- EMT, 2022 WL 1205346, at *3 (N.D. Fla. Jan. 31, 2022), *report and recommendation adopted*, 2022 WL 1203819 (N.D.

Fla. Apr. 22, 2022) (applying exhaustion requirement to First Step Act earned work credit claim and dismissing for lack of exhaustion).

The BOP has an administrative remedy procedure that allows an inmate to seek review of a grievance related to any aspect of his imprisonment. 28 C.F.R. § 542.10 *et seq.* "[A]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy (RAR)" 28 C.F.R. § 542.13. The prisoner has 20 days from the event that he complains of to file a Request for Administrative Remedy. The Eleventh Circuit has summarized that procedure as follows:

> The Administrative Remedy Program requires a prisoner to first file a grievance (a BP-9) with the warden of the prison within 20 calendar days from the date on which the basis of the incident occurred. If the inmate is dissatisfied with the warden's response, he may then appeal (a BP-10) to the Regional Director within 20 calendar days from the date of that response. Finally, if the inmate is dissatisfied with the Regional Director's response, he may appeal (a BP -11) to the General Counsel within 30 days of that response.

*Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (quotation marks omitted) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). Petitioner admits he did not file a formal grievance.

Therefore, it is undisputed, and clear from the record, that when Petitioner filed this habeas case, he had not exhausted his administrative remedies. As a result, Perez's habeas petition should be dismissed without prejudice to his re-filing a

habeas petition once the BOP's Central Office issues a final decision on his request for time credits (especially since the BOP's new regulations regarding the earning and application of FSA time credits are now effective, *see* 28 C.F.R. §§ 523.40–.44 (effective Jan. 19, 2022)).  As the Chief Magistrate Judge of this District explained in *Alexander*, "If Petitioner is unsatisfied with the response he receives from the Central Office, he may then present his claim(s) in another habeas action, at which time the court will have a final agency decision and a fully developed administrative record to review."  *Alexander*, 2022 WL 1205346, at *3.

Petitioner makes the conclusory assertion that exhaustion would be futile. That argument, however, is not well-taken.  First, "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." *Tankersley v. Fisher*, 2008 WL 4371797, at *3 (N.D. Fla. September 22, 2008).  The Eleventh Circuit has held that there is no futility exception applicable to the exhaustion requirement in a § 2241 proceeding.  *McGee v. Warden*, FDC Miami, 487 F. App'x 516, 518 (11th Cir. 2012) (rejecting argument that futility exception applicable to exhaustion prior to bringing a § 2254 petition is applicable to exhaustion requirement for a § 2241 petition); *Moore v. Colon*, 2020 WL 5868179, at *4 (S.D. Fla. July 27, 2020), *report and recommendation adopted*, 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020) (finding argument that exhaustion would be futile inapplicable to § 2241 cases).

Second, even if a futility exception were available, Perez has alleged no grounds for invoking it in this case. Futility should be applied only in "extraordinary circumstances," and it is Petitioner's burden to demonstrate the futility of administrative review. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); *Jaimes v. United States*, 168 F. App'x 356, 359 (11th Cir. 2006) ("[Petitioner] does not show that his case involves extraordinary circumstances and does not adequately explain why administrative review would prove futile. Thus, the district court properly denied his petition under § 2241."). Petitioner's conclusory reference to exhaustion being "futile," does not make it so; as discussed above, Petitioner could have appealed to the BOP's Central Office who has the authority to implement the First Step Act requirements.

For the above reasons, Petitioner's petition is due to be dismissed for failure to exhaust administrative remedies. *See e.g., Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) ("The Court is not precluded from considering at the outset whether an inmate has exhausted administrative remedies, and "may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.").

## IV.  CONCLUSION

Therefore, the undersigned respectfully recommends this case be dismissed *sua sponte* without prejudice.  While the exhaustion requirement is not jurisdictional, a court can still *sua sponte* dismiss a habeas petition on a non-jurisdictional basis, so long as (1) the petitioner is given "notice of its decision and an opportunity to be heard in opposition[,]" and (2) the respondent is given similar notice and an opportunity to waive that defense.  *Paez*, 947 F.3d at 653 (allowing *sua sponte* dismissal under Habeas Rule 4 based on untimeliness because Report and Recommendation provided notice and opportunity to respond to Petitioner and Respondent); *see also Fletcher v. Oliver*, 2020 WL 5100631, at *2 (S.D. Ala. July 21, 2020), *report and recommendation adopted,* 2020 WL 5099937 (S.D. Ala. Aug. 28, 2020) ("The undersigned finds no reason the procedure endorsed in *Paez* cannot also be utilized to *sua sponte* dismiss a habeas petition as unexhausted.").

Accordingly, it is ORDERED:

A copy of the Petition (ECF Doc. 1) and this Order and Report and Recommendation shall be sent to the Respondent, who may, but need not, respond to this Report and Recommendation of dismissal.

Additionally, it is respectfully RECOMMENDED:

1.      That this case be DISMISSED WITHOUT PREJUDICE for failure to exhaust BOP administrative remedies.

2.    That the clerk be directed to close the file.

At Pensacola, Florida, this 4th day of May, 2022.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.